


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

RALD C. MANN
TORNEY GENERAL

February 11, 1939

Honorable A. P. Allison
City Attorney
Kerrville, Texas

Dear Sir:

> Opinion O-293
> Re: Construction of Article
> 1118e, Title 28, Revised
> Civil Statutes of Texas

In your letter of February 3 you request this department's opinion on the following question:

> "If general tax obligation bonds are voted by the qualified voters, will the provisions of Article 1118e, Title 28, Revised Civil Statutes of Texas, in any way interfere with the use of surplus earnings or revenues of the water system for the support and maintenance of the other departments of the city or for meeting debt service requirements of city bonds, as the governing body may deem best?"

To answer this question we feel that we should first discuss and determine the city's right, if any, to use the revenues over and above the cost of operating and maintaining the water system. Where there is an incumbrance on such system, having been placed there in accordance with Articles 1111 to 1118, there can be no doubt as to the restriction of the use of such income, as Article 1113 expressly states that no part of the income of such system shall ever be used to pay any other debt, expense or obligation of such city or town until the

indebtedness so secured shall have been finally paid. However, in your case there is no incumbrance, therefore, your city's right and authority to use the excess revenues for other purposes must be found in the statutes.

The provisions of Article 1015, Section 30, are that a city shall have the power to provide said city with water for the extinguishment of fires, for the convenience of its inhabitants and to prevent the unnecessary waste of water. This section impliedly confers all the powers necessary to the establishment of a water system, which will include the right to municipal ownership and the operation thereof. In the owning and operating of a water system, as here authorized, a city must necessarily be exercising its proprietary power. It is in the business of selling water to the inhabitants of such city, and if the rates charged are reasonable, and there still remains an excess of revenue after paying operating and maintenance costs, then such excess must be treated as "other revenue" of the city. Section 40 of the same article places the management and control of the finances and all property, real, personal and mixed, belonging to the city, in the city or corporation itself. Section 41 thereof authorizes the city through its governing body to appropriate money and provide for the payment of its debts and expenses. Section 43 further empowers a city to appropriate so much of its revenues emanating from whatever source, for the retirement of its debt, improving public markets and streets, erecting and conducting city hospitals, city hall, etc., as it may from time to time deem expedient.

The provisions of the statutes referred to above clearly authorize a city to use the "excess" revenues from the water system or other unencumbered municipally owned system, for general departmental expenses or other municipal purposes. Article 1106 of Title 28, specifically authorizes a city to appropriate such excess or net revenues to the payment of bonded indebtedness incurred on account of the system producing such revenues. This act does not tend to restrict the use of excess revenues, rather does it make more definite the right of the city to use such revenues as it may deem best. We hold that a city's right to use the excess or net revenues is well established by the above cited statutes, and that it is

the opinion of this department that Article 1118c, Title 28, Revised Civil Statutes of Texas, does not apply to the City of Kerrville, and that its failure to adopt same, as provided in Section 3 thereof, will not in anywise restrict the use of the excess revenues now produced by its unencumbered water system.

With regard to this article, you will note that the last sentence of Section 1 states that said Act shall not apply to municipally-owned enterprises, the income from which has heretofore been pledged to secure the payment of bonds or other indebtedness. The use of the word "heretofore" refers to any period of time prior to the effective date of the Act, that is, 1934. The remaining provisions of Section 1 then must have application to an incumbrance placed on such a system from and after that date, and we further interpret it to cover only cities having 12,410 inhabitants or less according to the last preceding Federal census, and only such cities in that class as own both a waterworks system and a light system. In the event a city desires to purchase or acquire a light or water system and plans to issue bonds for that purpose, pledging the revenues of such system to secure same, and at the same time owns one or the other of such systems, it is our opinion that before the excess revenues of said system could be used for any purpose other than the retirement of that debt, the provisions of this Act must be adopted. Under any other circumstance, it is our opinion that the Act is inapplicable and its adoption or rejection is a matter for the discretion of the governing body and qualified electors of a city coming within the population bracket established by this Act.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Clarence C. Crowe_
                    Assistant

CEC-s

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS